ADAM WANG (SBN 201233)
LAW OFFICES OF ADAM WANG
12 S First Street, Suite 613
San Jose, CA 95113
Tel: 408-292-1040
Fax: 408-416-0268

Attorney for Plaintiff
APOLONIA SALINAS CORTES

ORIGINAL FILED
08 AUG 19 AM 11:21
RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

E-FILING

ADR

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

RMW

APOLONIA SALINAS CORTES,

Plaintiff,

vs.

THANH SON TOFU / CHE HIEN KHANH, CORPORATION., MICHAEL NGUYEN, and DOES 1-10,

Defendants

Case No. C08 03952 HRL

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL:
1) Violation of California Labor Code Section 510;
2) Violations of the Federal Fair Labor Standards Act;
3) Violation of California Business and Professions Code Section 17200; and
4) Violation of California Labor Code Section 226.7;
5) Violation of California Labor Code Section 201; and
6) Violation of California Labor Code Section 226.

**NATURE OF CLAIM**

1. This is an action on behalf of APOLONIA SALINAS CORTES ("CORTES") who had been employed on an hourly basis by Defendants THANH SON TOFU / CHE HIEN KHANH CORPORATION, MICHAEL NGUYEN, and DOES 1-10 (collectively, "THANH SON") during the four years prior to the filing of this Complaint, seeking damages arising from her employer's failure to pay overtime as required by the Fair Labor Standards Act and the California Wage Orders and statutes. Plaintiff seeks compensatory damages for unpaid wages under California Labor Code and Wage Orders,

COMPLAINT - 1

liquidated damages under 29 U.S.C. §216(b), damages for missed meal premiums, waiting time penalties under California Labor Code § 203, damages for inadequate pay statements under California Labor Code Section 226, and attorney's fees, costs, pre judgment interest pursuant to California Labor Code § 1194(a) and 29 U.S.C. § 216(b), and restitution under California Unfair Trade Practices Act under California Business and Professions Code § 17203.

## PARTIES

2. At all times relevant herein, Plaintiff CORTES is an individual resident of San Jose, California.

3. At all times relevant herein, THANH SON TOFU / CHE HIEN KHANH CORPORATION is a restaurant business, registered to conduct business in the state of California, with its principal place of business in San Jose, California.

4. Individual Defendants MICHAEL NGUYEN, and DOES 1-10, at all times relevant herein, are, according to information and belief, owners, managers, directors, associates, related to, or employees of THANH SON TOFU / CHE HIEN KHANH CORPORATION, having control over the Plaintiff's work condition and work situation.

## GENERAL ALLEGATIONS

5. At all times relevant herein, Plaintiff was an employee of Defendants, a restaurant doing business in San Jose, California.

6. Plaintiff was, according to information and belief, an employee of Defendants acting in the normal course and scope of employment duties with Defendants.

7. During the course of Plaintiff's employment with Defendants, Plaintiff regularly worked in excess of 8 hours per day and more than 40 hours per week.

8. Plaintiff was paid on an hourly basis.

9. Plaintiff did not perform "exempt" duties in her position with Defendants and thus was not subject to any exemption under the Fair Labor Standards Act, *29 CFR 541.112, 541.209 and 541.209*. The Plaintiff was not even marginally responsible for management or administrative functions, and her primary job did not require her to exercise independent discretion and judgment or regularly require invention or imagination in a recognized field of artistic endeavor more than fifty percent of her working time.

10. At no time during the Plaintiff's employment did Plaintiff maintain any professional license with the state or practice any recognized profession, nor did Plaintiff exclusively manage any division of Defendants where they customarily and regularly exercised discretionary powers or perform services of management. Plaintiff did not directly supervise any employees nor did she participate in the development of general administrative policies of Defendants.

## COUNT ONE

## VIOLATION OF CA LABOR CODE SECTION §510

## FAILURE TO PROPERLY PAY OVERTIME WAGES

11. Plaintiff re-alleges and incorporates paragraphs 1-10 as if fully stated herein.

12. California Labor Code Section 501, applicable at all times relevant herein to Plaintiff's employment by Defendants, provides that all employees are entitled to payment at the rate of time and one half for hours in excess of 8 in one day, or 40 hours in one week, and double time for hours in excess of 12 in one day.

13. During the course of employment with Defendants, Plaintiff regularly worked in excess of 8 hours a day and 40 hours per week, however the Defendants knowingly and willingly failed to pay Plaintiff overtime wages as required by law.

14. California Labor Code Section 1194 provides that it is unlawful for employers not to make the required overtime payments identified in the preceding paragraph and that employees not paid such payments can recover any monies owed by civil action.

15. Defendants therefore owe Plaintiff overtime wages not properly paid to Plaintiff in an amount to be determined at trial.

16. Defendants have failed and refused and continue to fail and refuse to pay Plaintiff the amount owed.

17. Defendants' failure to pay Plaintiff the required sum violates the provisions of Labor Code Sections 510 and 1194 and is therefore unlawful.

18. Pursuant to Labor Code Section 1194(a), Plaintiff requests that the court award Plaintiff reasonable attorney's fees and costs incurred by her in this action.

## COUNT TWO

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

## FAILURE TO PROPERLY PAY OVERTIME WAGES

19. Plaintiff re-alleges and incorporates paragraphs 1-18 as if fully stated herein.

20. At all relevant times herein, Plaintiff's employment was subject to the provisions of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. § 201, et seq. and Plaintiff was an individual employee covered under FLSA.

21. The FLSA, 29 U.S.C. § 207 requires all employees to be paid overtime for work performed in excess of forty hours per week, unless specifically exempted by the law.

22. Although Plaintiff was not so exempt during employment with Defendants, Defendants knowingly caused and permitted Plaintiff to regularly work in excess of forty hours per week without paying Plaintiff one and one half of Plaintiff's regular rate of pay.

23. By not paying overtime wages in compliance with the FLSA, Defendants violated Plaintiff's rights under the FLSA.

24. As a direct and proximate result of Defendants' failure to pay proper wages under the FLSA, Plaintiff incurred general damages in the form of lost overtime wages.

25. Defendants intentionally, with reckless disregard for their responsibilities under the FLSA, and without good cause, failed to pay Plaintiff proper wages, and thus Defendants are liable to Plaintiff for liquidated damages in an amount equal to lost overtime wages, pursuant to 29 U.S.C. § 216(b) of the FLSA.

26. Defendants therefore owe Plaintiff overtime not properly paid to Plaintiff, in an amount to be determined at trial.

27. Plaintiff was required to retain legal assistance in order to bring this action and, as such, is entitled to an award of reasonable attorney's fees pursuant to 29 U.S.C. § 216(b) of the FLSA.

## COUNT THREE

## VIOLATION OF CA LABOR CODE § 226.7

## FAILURE TO PROVIDE MEAL PERIODS

28. Plaintiff re-alleges and incorporates the allegations set forth in paragraphs 1-27 as if fully restated hereinafter.

29. At all relevant times herein, Plaintiff's employment with Defendants was subject to the provisions of California Labor Code § 226.7, which requires the employer to provide employees a thirty-minute meal break for every five hours worked, unless expressly exempted.

30. During Plaintiff's employment with Defendants, Plaintiff worked at least 5 hours a day, and was not provided a meal period as required by law.

31. For each time that the Plaintiff was not provided the required meal period, the Plaintiff is entitled to recover one additional hour of pay at each employee's regular rate of compensation pursuant to California Labor Code section 226.7.

32. Plaintiff is therefore entitled to payment, in an amount to be proven at trial for additional pay for each meal period that Defendants failed to provide.

## COUNT FOUR

## VIOLAITON OF CA LABOR CODE SECTION 201

## FAILURE TO PAY WAGES DUE AND "WAITING TIME" PENALTIES

33. Plaintiff re-alleges and incorporates the allegations of paragraphs 1-32 as if fully stated herein.

34. At the time Plaintiff's employment with Defendants was terminated, Defendants owed Plaintiff certain unpaid overtime wages in amounts previously alleged.

35. Failure to pay wages owed at an employee's termination as required by Labor Code §201 subjects the employer to the payment of a penalty equaling up to 30 days of wages, as provided for in Labor Code § 203.

36. As of this date, Defendants have failed and refused, and continue to fail and refuse, to pay the amount due, thus making Defendants liable to Plaintiff for penalties equal to thirty (30) days wages, in an amount to be determined at trial.

37. Pursuant to Labor Code Section 218.6, Plaintiff requests that the court award interest on all due and unpaid wages, at the legal rate specified by Civil Code Section 3289(b), accruing from the date the wages were due and payable.

## COUNT FIVE

## UNFAIR BUSINESS PRACTICES

## BUSINESS AND PROFESSIONS CODE SECTION 17200

38. Plaintiff re-alleges and incorporates the allegations of paragraphs 1-37 as if fully stated herein.

39. At all times relevant herein, Plaintiff's employment with Defendants was subject to the California Labor Code and applicable Wage Orders promulgated by the California

Industrial Welfare Commission, which required all employees to be paid overtime for work performed in excess of forty hours per week or eight hours per day, unless specifically exempted by law.

40. At all times relevant herein, as the employer of Plaintiff, Defendants were subject to the California Unfair Trade Practices Act (California Business and Professions Code § §17000 et seq.), but failed to pay the Plaintiff overtime pay as required by applicable California Labor Code and applicable Wage Orders.

41. During the period Plaintiff was employed with Defendants, Defendants failed to pay Plaintiff legally required overtime pay to which she was legally entitled, with Defendants keeping to themselves the amount which should have been paid to Plaintiff.

42. In doing so, Defendants violated California Unfair Trade Practices Act, Business and Professions Code §17200, et seq. by committing acts prohibited by applicable California Labor Code provisions, California Wage Orders, and the FLSA, thus giving them a competitive advantage over other employers and businesses with whom Defendants were in competition and who were in compliance with the law.

43. As a direct and proximate result of Defendants' violations and failure to pay the required overtime pay, the Plaintiff's rights under the law were violated and the Plaintiff incurred general damages in the form of unpaid wages in an amount to be determined at trial.

44. Defendants had been aware of the existence and requirements of the Unfair Trade Practices Act and the requirements of State and Federal wage and hour laws, but willfully, knowingly, and intentionally failed to pay the Plaintiff overtime pay due.

45. Plaintiff, having been illegally deprived of the overtime pay to which she was legally entitled, herein seeks restitution of such wages pursuant to the Business and Professions Code §17203 in an amount to be determined at trial.

## COUNT SIX

## VIOLATION OF CALIFORNIA LABOR CODE SECTION 226

## INADEQUATE PAY STATEMENTS

46. Plaintiff re-alleges and incorporates the allegations of paragraphs 1-45 as if fully stated herein.

47. California Labor Code Section 226 provides that all employers shall provide to employees accurate and complete wage statements including, but not to limited to, an accurate and current statement of all rates paid for all regular and overtime hours worked during the pay-period, a complete and itemized statement of deductions, net wages earned, the dates fir which payment is being made, any and all applicable piece rates, and the current address ad name of the employer.

48. California Labor Code Section 226 further provides that any employee suffering injury due to a willful violation of the aforementioned obligations may collect the greater of either actual damages or $50 for the first inadequate pay statement and $100 for each inadequate statement thereafter.

49. During the course of Plaintiff's employment, Defendants consistently failed to provide Plaintiff with adequate pay statements as required by California Labor Code §226.

50. Defendants failed to provide such adequate statements willingly and with full knowledge of their obligations under Section 226.

51. Defendants' failure to provide such adequate statements has caused injury to the Plaintiff.

52. Plaintiff is therefore legally entitled to recover actual damages caused by Defendants' failure to provide proper records, in an amount to be determined at trial.

53. Plaintiff has incurred costs and fees in bringing this action and seeks to recover such costs under California Labor Code §226.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the following relief:

54. For compensatory damages per CA Labor Code §1194 for unpaid overtime wages in an amount to be determined;

55. For liquidated damages per FLSA equal to unpaid overtime wages in an amount to be determined at trial;

56. For restitution of unpaid overtime pay pursuant to California Business and Professions Code §17203 in an amount to be determined at trial;

57. Damages for missed meal times in violation of California Labor Code §226.7 in an amount to be determined at trial;

58. For waiting time penalty damages of thirty days wages to Plaintiff, pursuant to California Labor Code § 203 in an amount to be determined at trial;

59. Damages and penalties for inadequate pay statements pursuant to California Labor Code Section 226 in an amount to be determined at trial;

60. For pre-judgment interest of 10% on the unpaid overtime compensation and unpaid salaries pursuant to California Labor Code §1194(a);

61. Plaintiff asks the court to award reasonable attorney's fees pursuant to California Labor Code §1194(a) and 29 U.S.C. §216(b) of the FLSA;

62. For costs of suit herein; and

63. For such other and further relief as the Court may deem appropriate.

Dated: August 15, 2008

By: /s/ Adam Wang
Adam Wang
Attorney for Plaintiff

ADAM WANG (SBN 201233)
LAW OFFICES OF ADAM WANG
12 S FIRST STREET, SUITE 613
SAN JOSE, CA 95113
Tel: 408-292-1040
Fax: 408-416-0268
ATTORNEY FOR PLAINTIFF

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APOLONIA SALINAS CORTES,<br><br>    Plaintiff,<br><br>vs.<br><br>THANH SON TOFU / CHE HIEN KHANH,<br>CORPORATION., MICHAEL NGUYEN, and<br>DOES 1-10,<br><br>    Defendants | Case No:<br><br>DEMAND FOR JURY TRIAL |

Plaintiff demands a jury trial of causes of action alleged in her Complaint.

Dated:

By: /s/ Adam Wang
Adam Wang
Attorney for Plaintiff